# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 10-207V
Filed: August 23, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | UNPUBLISHED |
| LISA A. BRAY, | * | |
| | * | |
| Petitioner, | * | Chief Special Master Dorsey |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | * | |

Franklin John Caldwell, Jr., Maglio, Christopher & Toale, Sarasota, FL, for petitioner.
Jennifer Leigh Reynaud, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 7, 2010, Lisa A. Bray ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that she suffered Guillain-Barré Syndrome ("GBS") as a result of receiving an influenza ("flu") vaccine in December 2008 and a hepatitis B vaccine on February 10, 2009. See Petition at ¶ 10.

A fact hearing was held on July 10, 2014, in Washington, D.C. On January 20, 2016, the parties filed a joint stipulation in which they stated that a decision should be entered awarding compensation in the amount of $305,000.00. See Stipulation dated January, 20, 2016 (ECF No. 96) at ¶¶ 7, 8. The undersigned approved the requested amount for petitioner's compensation. See Decision dated January 20, 2016 (ECF No. 97) at 2.

On July 18, 2016, petitioner filed a motion for attorneys' fees and costs, requesting $67,068.10 in attorneys' fees and $21,317.94 in attorneys' costs, for a total of $88,386.04 in

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

1

attorneys' fees and costs.  See Petitioner's Application ("Pet'r's App.") dated July 18, 2016 (ECF No. 103) at ¶ 2.  In accordance with General Order #9, petitioner states that she incurred $111.25 in personal costs in pursuit of the claim.  See Id. at ¶ 3; Pet'r's Ex. 39 at 1.

On August 4, 2016, respondent filed a response to petitioner's motion.  See Respondent's Response ("Resp't's Resp.") dated August 4, 2016 (ECF No. 104).  Respondent does not oppose the requested hourly rates, but stated that based on fee awards in similar cases, reasonable amount of fees and costs would fall between $78,000.00 and $82,000.00.  See Id. at 3.  Petitioner filed a reply to respondent's response on August 15, 2016, stating that all costs in the present case are reasonably necessary.  See Pet'r's Reply dated August 15, 2016 (ECF No. 106) at 1, 3.

This matter is now ripe for adjudication.

## I.     Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  Petitioner in this case was awarded compensation pursuant to a stipulation and therefore is entitled to an award of reasonable attorneys' fees and costs.

### a.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d at 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.  Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Id. at 1347-48.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

#### i.   Hours Expended

Petitioner's application includes a detailed record of the time spent and services performed.  See generally, Pet'r's Ex. 38.  Counsel billed minimal and reasonable hours reviewing medical records and expert reports, and preparing for the fact hearing on July 10,

2014. See Id. After carefully reviewing petitioner's application and counsel's billing records, the undersigned finds that the hours expended are reasonable and will thus pay them in full.

### b. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $21,317.94 in attorneys' costs. See Pet'r's App. at ¶ 2. The requested attorneys' costs include filing fees, expert fees charged by Dr. Thomas F. Morgan, medical record fees, postage, copy and print charges, fax charges, as well as meals, travel expenses, and hotel accommodations for petitioner, counsel, and witnesses during the fact hearing on July 10, 2014, in Washington, D.C. See Pet'r's Ex. 38 at 29-32, 77-79. The undersigned finds the requested attorneys' costs to be reasonable.

In accordance with General Order #9, petitioner also requests $111.25 in personal costs in pursuit of the claim. See Pet'r's App. at ¶ 3; Pet'r's Ex. 39 at 1. The undersigned finds that petitioner's personal costs are reasonable.

## II. Conclusion

The undersigned finds the total requested attorneys' fees and costs of $88,386.04 and the requested personal costs of $111.25 reasonable. Accordingly, an award should be made as follows:

(1) **A lump sum of $111.25 in the form of a check payable to petitioner.**

(2) **A lump sum of $88,386.04 in the form of a check jointly payable to petitioner and petitioner's counsel of record, Franklin John Caldwell, Jr., of the law firm Maglio, Christopher & Toale.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[2]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.